# EXHIBIT A
**(Plaintiffs' Complaint)**

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

*Filed and Attested by the Office of Judicial Records 07 JUL 2021 02:28 pm S. RICE*

Elizabeth Tily, et al.

v.

Thomas Jefferson University Hospitals, Inc., d/b/a Thomas Jefferson University Hospital

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

10-284

**KARPF, KARPF, CERUTTI, P.C.**
By: Ari R. Karpf, Esq.
Attorney I.D. No.: 91538
3331 Street Road
Two Greenwood, Suite 128
Bensalem, PA 19020
(215) 639-0801

| | | |
|---|---|---|
| ELIZABETH TILY | : | |
| and | : | |
| SHAUNA BERMAN | : | COURT OF COMMON PLEAS |
| and | : | PHILADELPHIA COUNTY |
| AMANDA BIRD | : | |
| and | : | CIVIL ACTION |
| TRACEY BOYLE | : | |
| and | : | NO.: |
| JULIA CASTORANI | : | |
| and | : | |
| MEGHAN DREW | : | **JURY TRIAL DEMANDED** |
| and | : | |
| LINDA FOREMAN | : | |
| and | : | |
| SHARON MCGEE | : | |
| and | : | |
| ABIGAIL O'CONNELL | : | |
| and | : | |
| AMANDA REARDON | : | |
| and | : | |
| MARIE ZWALL | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | |
| HOSPITALS, INC., d/b/a THOMAS | : | |
| JEFFERSON UNIVERSITY HOSPITAL | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiffs hereby complains as follows against the above-captioned Defendant. The gist of

Plaintiffs' lawsuit sounds in the failure to pay wages in accordance with applicable law(s).

Plaintiffs seek all owed wages, compensation, liquidated damages, cost and legal fees.

## VENUE

1.      Venue is properly laid in the County of Philadelphia pursuant to Rule 1006(a) of the Pennsylvania Rules of Civil Procedure because the transactions and occurrences from which the instant action arises occurred in that County.

## PARTIES

2.      The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

3.      Elizabeth Tily ("Plaintiff Tily" is an adult individual residing at 139 Linwood Avenue, Ardmore, PA 19003.

4.      Shauna Berman ("Plaintiff Berman") is an adult individual residing at 421 Buck Road, Holland, PA 18966.

5.      Amanda Bird ("Plaintiff Bird") is an adult individual residing at 4434 Driftwood Drive, Philadelphia, PA 19129.

6.      Tracey Boyle ("Plaintiff Boyle") is an adult individual residing at 3510 Teresa Circle, Chalfont, PA 18914.

7.      Julia Castorani ("Plaintiff Castorani") is an adult individual residing at 462 Glenn Rose Circle, King of Prussia, PA 19406.

8.      Meghan Drew ("Plaintiff Drew") is an adult individual residing at 619 Waitkus Alley, Phoenixville, PA 19460.

9.      Linda Foreman ("Plaintiff Foreman") is an adult individual residing at 12 Murray Road, Moorestown, NJ 08057.

10.      Sharon McGee ("Plaintiff McGee") is an adult individual residing at 315 S. Parkway Blvd., D-201, Broomall, PA 19008.

Case ID: 210700261

11.     Abigail O'Connell ("Plaintiff O'Connell") is an adult individual residing at 200 4th Avenue, Glendora, NJ 08029.

12.     Amanda Reardon ("Plaintiff Reardon") is an adult individual residing at 211 Hurffville Road, Sewell NJ 08080.

13.     Marie Zwall ("Plaintiff Zwall") is an adult individual residing at 817 Pelham Pl. Unit B., Ocean City, NJ 08226.

14.     Thomas Jefferson University Hospitals, Inc., d/b/a Thomas Jefferson University Hospital ("Defendant") is a non-profit entity registered in the Commonwealth of Pennsylvania consisting of hospital and clinical locations. This medical system employs more than 1,500 physicians and practitioners, and more than 2,500 nurses (working per diem, part-time and full-time). This entity is headquartered at 111 South 11th Street, Philadelphia, PA 19107.

15.     At all times relevant herein, Defendant acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

16.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.     All Plaintiffs have been employed with Defendant in what is commonly referred to as a "pool" or "per diem" capacity. Plaintiffs work varying hours, shifts, days, and weekends and are not considered part-time or full-time; but rather, employees who fill in for as many shifts as desired or available.

18.     All Plaintiffs are Registered Nurses (a/k/a "RNs") who work within Defendant's Operating Room(s), also referred to within Defendant as the "OR."

Case ID: 210700261

19.     All Plaintiffs have the same management and corporate human resources hierarchy. In particular, all Plaintiffs are generally and directly supervised by Michael Profeta (the Nurse and OR Manager of Defendant).

20.     Although this lawsuit is comprised of roughly a dozen Plaintiffs, the group, unit or pool of RNs similarly situated to Plaintiffs consists of approximately 23 RNs at any given time. This unit or group of approximately 23 RNs is hereinafter referred to as "the Pool staff."

21.     On November 21, 2019, Profeta e-mailed the Pool Staff and explained *inter alia*:

> I am reaching out to all of you as **some changes are being implemented for the pool staff in regard to compensation and requirements**. There are going to be different tiers of pool throughout the enterprise. **Looking at our department our pool staff will fall into what is called <u>unit based</u> *per diem*.** For anyone hired into this role in the future they will be paid at their nurse licensure rate. **Being that you are all current employees you can be grandfathered in at the pool rate.** HR has sent me what your license rates would be and no one would get more with that rate than the new per diem rate. **<u>The new rate you would get is $52 per hour</u>.** The time for the rate to change has not been determined. **<u>I am going to make the decision that you would all be grandfathered and move to that rate</u>.** If you would like to know what your license rate would have been I can send that to you. Keep in mind this does not affect anyone that has a Pool RNFA position as well. Below are the requirements for hours. Being that we don't make pool staff work holidays I don't plan to change that. We will continue having you take call on a holiday. If you have any questions or concerns please let me know.
>
> Thanks,
>
> Mike[1]

22.     The **3** critical takeaways from the November 21, 2019 e-mail from Profeta (a management agent of Defendant) was that: (a) *every* Plaintiff was to receive <u>no less than</u> $52.00

---

[1] Emphasis has been added for the purposes of this Complaint to this original e-mail text.

Case ID: 210700261

per hour; (b) the Pool Staff would be "<u>unit based</u> per diem;" and (c) the new rate would take effect in the near future.[2]

23.     Prior to issuance of the new hospital-based pay rate premised upon the goal of retaining the Pool Staff, Plaintiffs *generally* earned between $45.00 - $51.00 per hour (but in any event, <u>less than</u> $52.00 per hour).

24.     Defendant was attempting to ensure that it did not lose the interest of the Pool Staff in continuing to regularly fill in due to the high demand of such qualified RNs; and in turn, Plaintiffs – *in reliance upon* such promised hourly pay increases – accepted shifts from Defendant and continued to work *in lieu of accepting other shifts or jobs within different institutions*. In other words, the promised pay increase was for retention purposes.

25.     What followed by Defendant from the e-mail referenced *supra* was nothing short of a disorganized, botched rollout and change of payroll structure that unequivocally violated state wage laws in this Commonwealth.

26.     In particular, Defendant's organization promptly converted (within a few months) ***only some*** of the Pool Staff to the new rate while forgetting, omitting, and neglecting to include the rest in the promises increased pay rate(s). Plaintiffs were part of the majority of those not properly entered within Defendant's payroll system for the grandfathering and promised payrate increases.

27.     This lawsuit was necessitated because Plaintiffs wound up waiting for ***approximately 1.5 years*** for corrections to their payroll reflecting promised pay increases and

---

[2] Defendant's organization and rollout of the payroll adjustment was so sloppy and disorganized that in subsequent communications Plaintiffs were often referred to as "divisional" employees instead of "unit" employees. Such designations have different requirements and expectations.

Case ID: 210700261

backpay (a promised pay rate which was supposed to be adjusted by late 2019 and into early 2020).

28.     Initially, Plaintiffs collectively attempted avoid any aggressiveness and engaged the utmost diplomacy (even waiting long periods of time without re-raising payroll issues) with Defendant. This was because shortly the payroll increase rollout was totally fumbled resulting in only some of the Pool Staff receiving the promised raises, the COVID-19 pandemic peaked throughout 2020.

29.     From 2020 through mid-2021, various Plaintiffs were however in continual contact with Profeta inquiring about the status of why (for so long) their promised pay increases were not taking effect. Profeta documented messages to Plaintiffs such as:

- "I have not. I sent an email for follow up including her boss and Monica Young. Let me see what I hear." "I know. I'm sorry it went on this long. If we don't get something going soon, I will figure out another route." [**This was Profeta apologizing and saying he is still waiting to hear back from management and HR about why pay increases for Plaintiffs have not occurred yet**].

- "I provided Deb Foster with a list last week. She was working on it. I'll follow up. My message to her right now included Monica and her boss. I stressed the issue of back pay and the discrepancy between our pool." [**This was Profeta acknowledging Plaintiffs were entitled to back pay**.]

- "I completely understand. And I'm sorry I dropped the ball multiple times." [**This was Profeta admitting in writing he personally failed to follow up about Plaintiffs getting their pay rates corrected for a very long time and on multiple occasions**.]

- "I wanted to wait for an official email but we were able to get them to agree to the back pay. From what I understood it would be in the next check. Please don't hold me to the exact date of retro pay."

30.     The above documented messages from Profeta *are just some examples* of him apologizing and telling Plaintiffs they should have received their pay increases, they were

Case ID: 210700261

entitled to retro (back) pay, and that he was sorry for dropping the ball for what turned out to be over a year of failures by Defendant.[3]

31.     By May 7, 2021, Christopher Whibley (Executive Office Coordinator), on behalf of Mary Beth Edger (Vice President of Professional Development) disseminated a hospital-wide e-mail, which confirmed payrate changes **were supposed to be effective as 2019**.

32.     Despite it being well recognized that Plaintiffs had – for over a year – not been paid properly or in accordance with their promised payroll increases, Deborah Foster (Human Resources Business Partner) was attempting ***to discourage*** Plaintiffs from making any further complaints and threatening that Defendant (as a whole) may reduce their income in other ways if Plaintiffs continued to escalate concerns.

33.     After repetitive concerns and complaints by Plaintiffs (as a whole), Foster finally sent an email to Plaintiffs on June 15, 2021 acknowledging that everyone in the Pool Staff was grandfathered and should have been paid at least $52.00 per hour. Plaintiffs were additionally informed therein that pay corrections should occur automatically.

34.     By the end of June 2021, varying Plaintiffs received unexplained partial payments of backpay and some received increases in hourly premiums. However, they all generally remain owed unpaid wages.

35.     To be clear:

(1) Defendant failed to pay Plaintiffs an increased and promised hourly pay rate for approximately 1.5 years;

(2) Defendant's management admitted Plaintiffs should have received hourly pay increases for over a year, but were grossly and negligent in resolving the known problems - - resulting in continual apologies, stonewalling, and delays to Plaintiffs; and

---

[3] Several of the Plaintiffs had also communicated their concerns to other management or personnel during the long timeframe of nonpayment(s). Hence, concerns were not expressed solely to Profeta.

Case ID: 210700261

(3) Despite totally botching payroll for over a year, Defendant still failed to fully compensate all Plaintiffs (or to make them whole for Defendant's failures).

36.     In Pennsylvania, wages under the Wage Payment and Collection Law ("WPCL") are defined very broadly to include "all earnings of an employee" regardless of whether they are commissions, benefits, wage supplements or other types of earnings. *See* 43 P.S. Labor § 260.2a. Any wages that become due are legally required to be paid **within the employee's next payroll check or payroll period**. *Id.* at § 260.5. *Defendant admitted verbally and in writing to failing to pay Plaintiffs in over 50 pay periods spanning 1.5 years properly.*

37.     The non-payment of wages within an employee's next payroll period that have become due entitles the employee **automatically to "liquidated damages**," or in other words, an additional 25% of what she is already owed. *Id.* at § 260.10. In addition to being "automatically" entitled to liquidated damages, Plaintiffs are entitled to all legal fees, including costs and attorney's fees. *Id.* at § 260.9a(f).

38.     Defendant has exhibited the utmost gross negligence, intentional failures, and willful disregard for wage laws as pertaining to Plaintiffs while attempting at times to discourage further complaints by them. Plaintiffs remain owed wages, liquidated damages, and the costs and legal fees of this lawsuit.

39.     Separate from the above debacle and web of payroll violations engaged in by Defendant, Plaintiffs also allege herein that Defendant engaged in a violation of the Equal Pay Act ("EPA"). More specifically:

(1) Plaintiffs and the Pool Staff consist of nearly *2 dozen women* (who are RNs);

(2) Plaintiffs are extremely good at their jobs, very experienced, and well educated;

Case ID: 210700261

(3) Plaintiffs were verbally and in writing told that they were capped at a maximum of $52 per hour for their work from 2019 through the spring of 2021;

(4) However, Plaintiffs learned that a single male performing <u>pool / per diem</u> work in the OR was paid at a rate of $<u>54.00 per hour</u>. This was more than <u>all</u> 23 <u>female</u> RNs and higher than all female RNs were told the rate in which they were capped ($<u>52.00 per hour</u>).

(5) This particular male performing the **<u>identical work</u>** of female RNs, as contrasted with many of the female RNs had: (a) less seniority; (b) less work experience; (c) less credentials; and (d) less education.

40.     The only distinguishing characteristic for higher pay to this male individual as outlined in paragraph 39 (1)-(5) is his gender, as he was less qualified in many regards than those females being paid substantially less per hour. As a result, Defendant has separately violated the EPA.

### Count I
### <u>Violations of the Wage Payment and Collection Law ("WPCL")</u>
### (Failure to Timely or Properly Pay Wages)

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     For the foregoing reasons, Plaintiff are legally entitled to:

(a) Unpaid wages;

(b) Liquidated damages;

(c) Attorney's fees;

(d) Costs; and

(e) Other equitable relief.

43.     Defendant has, without reflection, care or regard for its employees, failed to properly pay them for in excess of a year. These actions as aforesaid constitute violations of the WPCL.

Case ID: 210700261

**Count II**
**Breach of Contract**
**(Failure to Timely or Properly Pay Wages)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     Plaintiffs were promised an increase in wages per hour verbally and in writing. And each Plaintiff continued to work for Defendants bypassing other opportunities in reliance upon such offered consideration.

46.     Defendant's failure to properly pay such wages constitutes a clear breach of contract.

**Count III**
**Promissory Estoppel, Detrimental Reliance, Unjust Enrichment**
**(Failure to Timely or Properly Pay Wages)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Defendant received the benefit of Plaintiffs' continued work based upon its assurances of specified compensation.

49.     It would be unjust for Defendant to retain such benefits based upon Plaintiffs' detrimental reliance, and Defendant should be disgorged of such benefit or profits and estopped from having to pay Plaintiffs all owed compensation as outlined in this lawsuit.

50.     Plaintiffs seek all available equitable relief herein, in addition to monetary compensation.

**Count IV**
**Violations of the Equal Pay Act ("EPA")**
**(Disparate Compensation – Gender Discrimination)**

Case ID: 210700261

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     The lower compensation paid to Plaintiffs based upon their gender, as contrasted with a male employee who was not subject to the same cap(s) on hourly pay, constituted a violation of the EPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting payroll violations, discrimination, and is to properly pay all Plaintiffs properly from filing of this lawsuit (as well as pay damages for prior violations);

B.     Defendant is to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, discrimination, and payroll violations, including but not limited to all proper compensation due and owed;

C.     Defendant is to be subjected to any and all penalties allowed by state law, inclusive of liquidated damages;

D.     Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.     Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorneys' fees as permitted by applicable law; and

F.     Plaintiff is permitted to have a trial by jury.

Case ID: 210700261

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date:   July 7, 2021

Case ID: 210700261

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Abigail O'Connell

_____
Print:

_____
Sign:

Date: 7/6/2021
_____

13

Case ID: 210700261

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Amanda Bird

Print: _____

Sign: _____

Date: _____   7/6/2021

13

Case ID: 210700261

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Amanda Reardon

_____
Print:

_Amanda Reardon_
_____
Sign:

7/6/2021
Date: _____

13

Case ID: 210700261

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Elizabeth Tily

Print: _____

Sign: _____

Date: _____
7/6/2021

13

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Julia Castorani

_____

Print:

_____

7/6/2021

Date: _____

Sign:

Case ID: 210700261

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Linda Foreman

Print: _____

Sign: _____ *Linda Foreman*

Date: 7/6/2021 _____

13

Case ID: 210700261

DocuSign Envelope ID: C2D19359-EE9B-423E-B3GG-8F0207A646BA

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Marie Zwall

Print: _____

Sign: _____

Date: 7/6/2021 _____

13

Case ID: 210700261

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Meghan Drew

Print: _____

Sign: _____

Date: ____7/6/2021____

Case ID: 210700261

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Sharon McGee

_____

Print:

_____

Sign:

Date: _____
7/6/2021

13

Case ID: 210700261

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Shauna Berman
_____
Print:
_____
Sign:

Date: 7/7/2021
_____

Case ID: 210700261

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to the penalties of 18 Pa. C.S. § 4904 relating to sworn and unsworn statements.

Tracey Boyle

Print: _____

Sign: _____

Date: _____  7/6/2021

13

Case ID: 210700261